IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,347-01






EX PARTE JUAN EDWARD CORTES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2003CR8900 IN THE 144TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

 Applicant contends that the prohibition on double jeopardy was violated because he was
sentenced to imprisonment for fifteen years after originally being sentenced to ten years. The trial
court entered findings of fact and conclusions of law and recommended that we deny relief. We
believe that it is not clear from the record whether Applicant had begun serving his ten-year sentence
when it was vacated. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether Applicant was serving his ten-year sentence when it was vacated. See State v. Aguilera, 165 S.W.3d 695 (Tex. Crim. App. 2005). 
The trial court shall make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The reporter's record of Judge
Barlow's decision to vacate Applicant's ten-year sentence shall also be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: February 4, 2009

Do not publish